UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

F I L E

APR 13 2012

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

PAUL SCOTT

**Plaintiff,**

v.

Civil Action No. 3:12CV271

BIERMAN, GEESING, WARD & WOOD, LLC,
SERVE: Steven B. Wood
        8100 Three Chopt Road, Rm. 240
        Richmond, VA 23299-4833

    **and**

EQUITY TRUSTEES, LLC
SERVE: Steven B. Wood
        8100 Three Chopt Road, Rm. 240
        Richmond, VA 23299-4833

**Defendants.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.     This is an action seeking damages arising from Defendants' unlawful attempts to collect a delinquent home mortgage debt allegedly owed by Mr. Scott and to foreclose on the subject Deed of Trust. Mr. Scott alleges that Defendants, a debt collection law firm and its collection-purposed Trustee, 1) initiated foreclosure activities when they had no present right to possession of the property, 2) knowingly made a series of false statements and representations in connection with the collection of the debt and of the attempted foreclosure on his home, and 3) failed to identify the name of the creditor to whom the debt was owed, all in violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 et seq..

### JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3.      Plaintiff, Paul Scott ("Mr. Scott") is a natural person who resides in Virginia.  Mr. Scott is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.      Defendant Bierman, Geesing, Ward & Wood, LLC is a law firm with offices in Maryland and Virginia, the principal purpose of whose businesses is the collection of debts, and is located at 8100 Three Chopt Road, Suite 240, Richmond, VA 23229-4833.

5.      Defendant Equity Trustees, LLC is a company whose sole purpose is to serve as the substitute trustee for mortgage loans that are referred to Bierman, Geesing, Ward & Wood, LLC ("BGWW"), for the purpose of collecting delinquent debts and/or conducting foreclosure sales for which it purports to be a substitute trustee. Its principal place of business is located at is located at 8100 Three Chopt Road, Suite 240, Richmond, VA 23229-4833. At all times relevant to this case, Equity Trustees, LLC was operating as an alternate voice and alter ego of BGWW. For all purposes herein they were one and the same and are hereafter referred to collectively as "Defendants."

6.       Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and each is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). Defendants moreover use one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

## STATEMENT OF FACTS

### *Mr. Scott Obtains a Mortgage Loan*

2

7.      Defendants have been attempting to collect a consumer debt it claimed to be due and owing to EMC Mortgage Corporation.

8.      The alleged debt was for a home loan, bringing Defendants' collection activities within the purview of the FDCPA, 15 U.S.C. § 1692a(5).

9.      Mr. Scott borrowed $498,400 for a mortgage, as evidence by a promissory note ("Note") dated July 18, 2005. The Note was payable to Wells Fargo Bank, N.A.

10.     The Note was secured by a Deed of Trust dated July 6, 2005, and recorded in the Circuit Court Clerk's office.

11.     When the loan was originated on July 6, 2005, Mr. Scott's Note obligated him to pay Wells Fargo Bank, N.A.

12.     Mr. Scott regularly made payments on his loan.

### Defendant is a Debt Collector

13.     Defendants are a law firm whose practice is focused on the collection of debts.

14.     Defendants advertise that it specializes in "all aspects of resolution of delinquent secured loan… including… foreclosures…."[1]

15.     Defendants regularly collect home loan debts.

16.     Defendants' website advertises that the firm's "practice concentrates on the representation of mortgage lenders and servicers in a variety of matters, primarily concentrating on mortgage debt collection, handling all aspects of loss mitigation, title resolution, foreclosure, bankruptcy, eviction, real estate closings, and real estate litigation. Through our well-trained staff of attorneys, paralegals and legal assistants, our office strives to meet a high standard of performance by providing exceptional legal service to the mortgage banking community."

---

[1] See http://www.bww-llc.com/ (last visited April 11, 2012)

3

17.     Defendants regularly demand payment from consumers of claimed arrearages and provide to consumers reinstatement quotes and itemizations of amounts that Defendants are attempting to collect.

18.     Defendants regularly tell consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and/or that the communication is from a debt collector, the disclosures that the FDCPA, at 15 U.S.C. §1692e(11), requires that debt collectors provide in all written communications (other than formal pleading) sent in "connection with the collection of any debt" (the "§ 1692e(11) disclosure").

19.     Defendants regularly attempt to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers.

20.     Defendants regularly detail specific amounts of money to be paid and regularly accept payment for their lender clients.

*Defendants Initial Communication with Mr. Scott*

21.     Defendants sent Mr. Scott a dunning letter on April 14, 2011, which stated that they were instructed to initiate legal action based upon an alleged default under the terms of the loan agreement. A copy of the April 14, 2011correspondence is attached hereto as EXHIBIT A.

22.     The April 14, 2011correspondence included the following:

**IMPORTANT NOTICE: This communication is from a debt collector. Unless you dispute the validity of the debt, or a portion thereof, within thirty days after receipt of this letter, this office will assume the debt is valid. If, within said thirty day perior, you notify this office, in writing, that you dispute the debt, or any portion, thereof, this office will obtain verification of the debt and a copy of such verification will be mailed to you. If you send us a written request within said thirty day period, this office will mail you the name and address of the original creditor if different from the current creditor.**

4

23.    At the time of the initial communication, Defendants claimed that Mr. Scott was in default on his mortgage loan.

24.    In the initial communication, Defendants stated that the servicer of the loan was Wells Fargo Bank, N.A and the secured creditor was EMC Mortgage Corporation.

25.    The text of the notice required by15 U.S.C. § 1692g of the FDCPA reads as follows:

*Notice of debt; contents*
(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
(1)    the amount of the debt;
(2)    the name of the creditor to whom the debt is owed;
(3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

26.    The notice by which the Defendant purports to make the required disclosures is defective in various respects.

27.    The April 14, 2011letter does not disclose the name of the creditor to whom the debt is owed.

*Defendants State the Note is Lost, Misplaced or Destroyed*

5

28.     In correspondence to Mr. Scott dated, April 26, 2011, Defendant stated that

"pursuant to Section 55-59.1 (B) of the Code of Virginia, the Beneficiary hereby informs you that the Promissory Note originally payable to Wells Fargo Bank, N.A., which you executed on or about July 18, 2005, is unavailable as of the date of mailing this letter..."

A copy of the April 26, 2011 correspondence is attached hereto as EXHIBIT B.

29.     This correspondence indicated the beneficiary was US Bank, National Association, as Indentured Trustee for Bear Sterns ARM Trust 2005-9, Mortgage-Backed Notes, Series 2005-9.

30.     Upon information and belief, the original note evidencing Mr. Scott's indebtedness has not been lost, misplaced or destroyed, making Defendants' representation false.

31.     Va. Code § 55-59.1 provides in pertinent part the following:

§ 55-59.1. Notices required before sale by trustee to owners, lienors, etc.; if note lost.

            ...

        B. If a note or other evidence of indebtedness secured by a deed of trust is lost or for any reason cannot be produced and the beneficiary submits to the trustee an affidavit to that effect, the trustee may nonetheless proceed to sale, provided the beneficiary has given written notice to the person required to pay the instrument that the instrument is unavailable and a request for sale will be made of the trustee upon expiration of 14 days from the date of mailing of the notice. The notice shall be sent by certified mail, return receipt requested, to the last known address of the person required to pay the instrument as reflected in the records of the beneficiary and shall include the name and mailing address of the trustee.

32.     Upon information and belief, the beneficiary of the note had not submitted to the trustee an affidavit to the effect that the note or other evidence of indebtedness secured by the subject deed of trust is lost or for any reason could not have been produced.

33.    That is, US Bank, National Association, as Indentured Trustee for Bear Sterns ARM Trust 2005-9, Mortgage-Backed Notes, Series 2005-9[2], had not submitted to Defendants an affidavit to the effect that the note or other evidence of indebtedness secured by the subject deed of trust is lost or for any reason could not have been produced.

34.    Defendants' April 26, 2011 letter further advised Mr. Scott that Defendants' communication "may be deemed a communication from a debt collector."

### Mr. Scott Requests Verification of the Debt

35.    In correspondence dated May 11, 2011, Mr. Scott, through counsel, requested verification of the debt pursuant to the Fair Debt Collections Practices Act.

36.    In that same correspondence, Mr. Scott, through counsel, requested a copy of the notice of the lost note that was sent to Mr. Scott from the beneficiary and a copy of the lost note affidavit, pursuant to Va. Code § 55-59.1 (B).

### Defendants Threaten Foreclosure on Mr. Scott's Home

37.    Defendants forwarded correspondence to Mr. Scott's attorney to notify him that a foreclosure sale is scheduled for his property for August 19, 2011. A copy of this correspondence is attached hereto as EXHIBIT C.

38.    This correspondence included a Substitution of Trustees Deed dated April 25, 2011.

39.    The Substitution of Trustees Deed stated that US Bank, National Association, as Indentured Trustee for Bear Sterns ARM Trust 2005-9, Mortgage-Backed Notes, Series 2005-9 "is the owner and holder of the note..."

---

[2] Mr. Scott does not concede that this is the actual beneficiary, but instead asserts that Defendants' never had a lost note affidavit from any possible beneficiary.

40.     This correspondence is in violation of 15 U.S.C. § 1692g which requires a debt

collector to cease collection of the debt until a debt collector provides verification of the debt.

Specifically, 15 U.S.C. § 1692g states:

> *Disputed debts*
>
> (b) Disputed debts. If the consumer notifies the debt collector in writing
> within the thirty-day period described in subsection (a) that the debt, or
> any portion thereof, is disputed, or that the consumer requests the name
> and address of the original creditor, the debt collector shall cease
> collection of the debt, or any disputed portion thereof, until the debt
> collector obtains verification of the debt or a copy of a judgment, or the
> name and address of the original creditor, and a copy of such verification
> or judgment, or name and address of the original creditor, is mailed to the
> consumer by the debt collector. Collection activities and communications
> that do not otherwise violate this title may continue during the 30-day
> period referred to in subsection (a) unless the consumer has notified the
> debt collector in writing that the debt, or any portion of the debt, is
> disputed or that the consumer requests the name and address of the
> original creditor. Any collection activities and communication during the
> 30-day period may not overshadow or be inconsistent with the disclosure
> of the consumer's right to dispute the debt or request the name and address
> of the original creditor.

41.     Mr. Scott, through counsel, responded to the Defendants in correspondence dated

August 10, 2011, again disputing the debt and requesting verification of the debt amount and the

identity of the creditor to whom the debt is owed.

42.     In correspondence dated August 12, 2011, Defendants purported to respond to

Mr. Scott's request for verification of the debt which a copy of the Note. A copy of the August

12, 2011 letter is attached hereto as EXHIBIT D.

43.     The correspondence states: *"THIS IS A COMMUNICATION FROM A DEBT*

*COLLECTOR."*

44.     This correspondence in addition to the Substitution of Trustees Deed

demonstrates that one or more of the Defendants' statements are false.

8

45.     The note was never lost, misplaced or destroyed as the Defendants indicated in their April 26, 2011 correspondence.

46.     EMC Mortgage Corporation was never a creditor to whom the debt was owed, despite the Defendants' initial correspondence indicating otherwise.

47.     In addition, Defendants' sent correspondence indicating the note was unavailable *the day after* the purported noteholder, US Bank, National Association, as Indentured Trustee for Bear Sterns ARM Trust 2005-9, Mortgage-Backed Notes, Series 2005-9 signed the substitution of trustees deed.

48.     Defendants knew or should have known that this and each of the foregoing misrepresentations that they made were false.

49.     As a result of the acts and omissions of the Defendants, Mr. Scott has suffered actual damages and injury, including but not limited to, emotional distress, mental anguish and suffering, loss of peace of mind, and a loss of statutorily protected rights.

## Count I: Violations of the FDCPA, 15 U.S.C. § 1692e

50.     The foregoing allegations of the Complaint are incorporated by reference.

51.     By falsely stating in the April 26, 2011 letter that the note had been lost, misplaced or destroyed, Defendants violated 15 U.S.C. § 1692e, e(2)(A), e(5) and/or e(10).

52.     In the alternative, by falsely stating that the creditor to whom the debt was owed the Defendants violated 15 U.S.C. § 1692e, e(2)(A), e(5) and/or e(10).

53.     As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

## Count II: Violations of the FDCPA, 15 U.S.C. § 1692g

54.     The foregoing allegations of the Complaint are incorporated by reference.

55. By failing to disclose the name of the creditor to whom the debt was owed in its April 14, 2011 dunning letter, Defendants violated 15 U.S.C. § 1692g(a)(2).

56. As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

## Count III: Violations of the FDCPA, 15 U.S.C. § 1692g

57. The foregoing allegations of the Complaint are incorporated by reference.

58. By failing to cease collection activity when Mr. Scott disputed the debt and requested verification of the same, Defendants violated 15 U.S.C. § 1692g(b).

59. As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

## Count IV: Violations of the FDCPA, 15 U.S.C. § 1692f

60. The foregoing allegations of the Complaint are incorporated by reference.

61. The scheduled foreclosure sale dates were nonjudicial actions that sought to permanently deprive Mr. Scott of his ownership rights in his home.

62. US Bank, National Association, as Indentured Trustee for Bear Sterns ARM Trust 2005-9, Mortgage-Backed Notes, Series 2005-9 had no authority to appoint the Defendants as a substitute trustee as the note was purportedly lost at that time.

63. Because they were not validly appointed as a substitute trustee by the noteholder in compliance with the terms of the Note and Deed of Trust, the Defendants had no right to attempt to conduct the foreclosure sale, or to transfer the property.

64. Defendants threatened to take nonjudicial action to effect dispossession or disablement of the subject property at a time when they had and there was no present right to

possession of the property claimed as collateral through an enforceable security interest, in violation of 15 U.S.C. § 1692f(6).

65.     As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs against Defendants pursuant to 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that the Court grant the following relief:

1.     Award Plaintiff actual damages;

2.     Award Plaintiff statutory damages;

3.     Award Plaintiff reasonable attorney's fees;

4.     Award Plaintiff costs;

5.     Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

                                        Respectfully submitted,
                                        Paul Scott
                                        By Counsel

By: Kristi Cahoon Kelly, Esq., VSB #72791
J. Chapman Petersen, Esq., VSB # 37225
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
(703) 277-9774
(703) 591-9285 Facsimile
kkelly@siplfirm.com

Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com

Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 Facsimile

Matthew J. Erausquin, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 Facsimile

Counsel for Plaintiff