IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PAUL SCOTT, *Plaintiff*, v. BIERMAN, GEESING, WARD & WOOD, LLC, et al., *Defendants*. | Civil Action No. 3:12cv271 |

**BWW LAW GROUP, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant BWW Law Group, LLC, formerly known and incorrectly identified as Bierman, Geesing, Ward & Wood, LLC ("BWW"), by counsel, responds as follows to each of the allegations of fact contained within the Complaint and Demand for Jury Trial ("Complaint") filed by the Plaintiff Paul Scott ("Plaintiff"):

**I.
ANSWER**

1. Paragraph 1 of the Complaint is comprised of statements of intention and allegations of law to which no response is required of BWW. To the extent an allegation of fact is contained within Paragraph 1 of the Complaint to which BWW is required to respond, BWW denies the same and demands strict proof thereof.

2. Paragraph 2 of the Complaint is comprised of allegations of law to which no response is required of BWW. To the extent an allegation of fact is contained within Paragraph 2 of the Complaint to which BWW is required to respond, BWW denies the same and demands strict proof thereof.

3.      BWW lacks knowledge or information sufficient to form a belief as to the accuracy of the allegations contained within the first sentence of Paragraph 3 of the Complaint and therefore denies the same and demands strict proof thereof. The second sentence of Paragraph 3 of the Complaint is comprised of allegations of law to which no response is required of BWW. To the extent an allegation of fact is contained within the second sentence of Paragraph 3 of the Complaint to which BWW is required to respond, BWW denies the same and demands strict proof thereof.

4.      BWW avers that as of January 1, 2012, its name was changed to BWW Law Group, LLC. BWW admits that it is a law firm with offices in Maryland and Virginia. BWW admits that it maintains a business office at 8100 Three Chopt Road, Suite 240, Richmond, VA 23229-4833. BWW denies and demands strict proof of the remaining allegations contained within Paragraph 4 of the Complaint.

5.      The first and second sentences of Paragraph 5 do not contain allegations of fact regarding BWW which require a response of BWW, since those allegations are directed to codefendant Equity Trustees, LLC. To the extent that a response to those sentences is required, BWW lacks sufficient information and those allegations should be taken as denied. BWW denies that at "[a]ll times relevant to this case, Equity Trustees, LLC was operating as an alternate voice and alter ego of BGWW." BWW denies that "[f]or all purposes [in the Complaint] [BWW and Equity Trustees, LLC] were one and the same."

6.      The allegations contained within Paragraph 6 of the Complaint conflate the identities of the Defendants. To the extent the allegations of fact contained in Paragraph 6 of the Complaint assert or imply that BWW and Equity Trustees, LLC are alter egos of one another or operate as alternate voices for each other, the allegations contained within Paragraph 6 of the

2

Complaint are denied. The allegation in Paragraph 6 that the Defendants each qualify as a "debt collector" within the meaning of the FDCPA is a legal conclusion to which BWW is not required to respond. The allegation in Paragraph 6 that "Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another" are denied. BWW denies that "Defendants moreover use one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests."

7. BWW admits that it sent a correspondence dated April 14, 2011 to Plaintiff which referred to "EMC Mortgage Corporation" as the "Secured Creditor." BWW denies the remaining allegations contained within Paragraph 7 of the Complaint and demands strict proof thereof.

8. Paragraph 8 of the Complaint contains conclusions of law to which no response is required of BWW. To the extent allegations of fact are contained within Paragraph 8 of the Complaint to which BWW is required to respond, BWW lacks sufficient knowledge or information to form a belief as to the truth of those allegations and therefore denies them and demands strict proof thereof.

9. Paragraph 9 of the Complaint refers to documents which were attached to the Complaint, which documents speak for themselves. BWW is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of fact contained within Paragraph 9 of the Complaint and therefore denies the same and demands strict proof thereof.

10. Paragraph 10 of the Complaint refers to documents which were attached to the Complaint, or which are recorded among the public land records, which document or documents speak for themselves. BWW admits that the Note identified in Paragraph 9 of the Complaint was secured by a Deed of Trust dated July 6, 2005, and that the Deed of Trust was recorded in the Circuit Court Clerk's Office for the City of Arlington, VA.

11.     Paragraph 11 of the Complaint refers to documents attached to the Complaint that speak for themselves and contains conclusions of law to which no response is required of BWW.

12.     BWW is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph 12 of the Complaint and therefore denies the same and demands strict proof thereof.

13.     In response to Paragraph 13 of the Complaint, BWW denies that "Defendants are a law firm whose practice is focused on the collection of debts." BWW avers and admits that it is a law firm which represents mortgage lenders, mortgage servicers, banks, and other financial institutions. BWW avers and admits that its services include all aspects of resolution of delinquent secured loans, whether residential or commercial, including loss mitigation services, title curative, foreclosures, bankruptcy, evictions, REO outsale settlements and representation in all state, appellate, and federal courts.

14.     BWW denies the allegations contained within Paragraph 14 of the Complaint as they are stated.

15.     BWW denies the allegations contained within Paragraph 15 of the Complaint as they are stated.

16.     BWW admits that its website contains the quoted language in Paragraph 16 of the Complaint. BWW denies the remaining allegations and implications, express or implied, asserted in Paragraph 16 of the Complaint and demands strict proof thereof.

17.     BWW denies the allegations contained within Paragraph 17 of the Complaint as stated. BWW avers that it occasionally sends correspondences on behalf of its clients which provide notice of the borrower's right to cure a default in payments. BWW denies that it sends demands for payments or that it is seeking to collect money from consumers.

18.    BWW denies the allegations contained within Paragraph 18 of the Complaint as they are asserted. BWW avers that it regularly sends correspondences to consumers which contain the following phrase quoted in Paragraph 18 of the Complaint: "this is an attempt to collect a debt and any information obtained will be used for that purpose." The remaining allegations contained within Paragraph 18 of the Complaint contain allegations or conclusions of law to which BWW is not required to respond.

19.    BWW denies the allegations contained within Paragraph 19 of the Complaint as they are asserted. BWW admits that it regularly attempts to verify debts under factual circumstances in which the FDCPA, at 15 U.S.C. § 1692g(b) would require such verifications and in other circumstances, in which the FDCPA would not otherwise require such verification.

20.    BWW denies the allegations contained within Paragraph 20 of the Complaint as they are asserted. BWW admits that it often sends notices on behalf of it clients which include itemizations of outstanding balances and that it accepts monetary payments on behalf of clients.

21.    BWW denies the allegations contained within Paragraph 21 of the Complaint as they are asserted. BWW admits that it sent a letter to Plaintiff dated April 14, 2011, but specifically denies that the April 14, 2011 letter sent to the Plaintiff contained the assertion that it was "instructed to initiate legal action based upon an alleged default under the terms of the loan agreement" as stated in Paragraph 21 of the Complaint. Paragraph 21 of the Complaint refers a document which was attached as an Exhibit to the Complaint and which speaks for itself.

22.    BWW denies that the language asserted in Paragraph 22 of the Complaint was contained in the April 14, 2011 letter which it sent to the Plaintiff. Paragraph 22 of the Complaint refers to a document which speaks for itself and requires no response from BWW.

23.    BWW denies the allegations contained in Paragraph 23 of the Complaint.

24.     BWW denies the allegations contained within Paragraph 24 of the Complaint as they are asserted.  Paragraph 24 of the Complaint refers to a document which speaks for itself and requires no response from BWW.

25.     Paragraph 25 of the Complaint is comprised of allegations of law to which no response is required of BWW.

26.     BWW denies the allegations contained in Paragraph 26 of the Complaint.

27.     BWW denies the allegations contained in Paragraph 27 of the Complaint.

28.     BWW denies the allegations contained within Paragraph 28 of the Complaint as they are asserted.  BWW admits that it sent correspondence to the Plaintiff dated April 26, 2011.  BWW admits that the letter it sent to the Plaintiff dated April 26, 2011 was attached to the Complaint as Exhibit B.

29.     Paragraph 29 of the Complaint refers to a document which was attached to the Complaint as an Exhibit and which document speaks for itself, and so no response is required by BWW.

30.     BWW generally denies the allegations contained within Paragraph 30 of the Complaint and specifically denies that any statement made in the letter BWW sent to the Plaintiff dated April 26, 2012 was false.

31.     Paragraph 31 of the Complaint is comprised of allegations of law to which no response is required of BWW.

32.     BWW has insufficient information to admit or deny the allegations contained in Paragraph 32 of the Complaint and therefore those allegations should be taken as denied and strict proof is demanded thereof.

33.     In response to Paragraph 33 of the Complaint, BWW admits that it never received

6

an affidavit from US Bank, National Association, as Indenture Trustee for Bear Stearns ARM Trust 2005-9, Mortgage-Backed Notes, Series 2005-9 to the effect that the note or other evidence of indebtedness secured by the subject deed of trust was lost or for any reason could not have been produced. Any remaining allegations contained within Paragraph 33 of the Complaint, or any implications taken therefrom, whether express or implied, are expressly denied.

34. Paragraph 34 of the Complaint refers to a document which was attached to the Complaint as an Exhibit. That document speaks for itself, and no response is required by BWW.

35. BWW admits the allegations of Paragraph 35 of the Complaint.

36. BWW admits the allegations of Paragraph 36 of the Complaint.

37. BWW admits that it sent the correspondence attached to the Complaint as Exhibit C. The remaining allegations contained within Paragraph 37 of the Complaint reference a document which was attached as an Exhibit to the Complaint and which document speaks for itself, and so no response is required by BWW.

38. BWW admits the allegations of Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint refers to a document which was attached as an Exhibit to the Complaint to which no response is required of BWW.

40. Paragraph 40 of the Complaint asserts a legal conclusion to which no response is required of BWW.

41. The allegations contained within Paragraph 41 of the Complaint are denied as stated. BWW admits that it received a correspondence from Plaintiff's counsel dated August 10, 2011, which purported to dispute the debt and request verification of the debt amount and the identity of the creditor to whom the debt was owed. Any remaining allegations contained within Paragraph 41 of the Complaint, or any implications taken therefrom, whether express or implied,

are expressly denied.

42. BWW denies the allegations contained within Paragraph 42 of the Complaint as asserted therein. BWW admits that it sent correspondence dated August 12, 2011 to Plaintiff's counsel, a copy of which was attached to the Complaint as Exhibit D and which speaks for itself and requires no further response from BWW.

43. BWW admits the allegations of Paragraph 43 of the Complaint.

44. In response to Paragraph 44 of the Complaint, BWW cannot precisely determine which statements in the August 12, 2011 correspondence, in addition to the Substitution of Trustees Deed, are alleged to be false. BWW therefore denies the allegations contained within Paragraph 44 of the Complaint and demands strict proof thereof.

45. BWW denies ever indicating that the Note was lost, misplaced, or destroyed and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained within Paragraph 45 of the Complaint and therefore denies the same and demands strict proof thereof.

46. BWW is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph 46 of the Complaint and therefore denies the same and demands strict proof thereof.

47. Paragraph 47 of the Complaint refers to documents which were attached as Exhibits to the Complaint and which require no further response from BWW.

48. In response to Paragraph 48 of the Complaint, BWW denies having made any misrepresentations. BWW avers that any false statements of fact which it might have made in its correspondences with Plaintiff were made unknowingly and despite having developed reasonable procedures to avoid making any such errors. Any remaining allegations contained within

Paragraph 48 of the Complaint, or any implications taken therefrom, whether express or implied, are expressly denied.

49. BWW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 49 of the Complaint and therefore denies the same and demands strict proof thereof.

50. BWW incorporates by reference each of its responses to Paragraphs 1 through 49 of the Complaint as set forth above.

51. BWW denies the allegations of paragraph 51 of the Complaint.

52. BWW denies the allegations of paragraph 52 of the Complaint.

53. BWW denies the allegations of paragraph 53 of the Complaint.

54. BWW incorporates by reference each of its responses to Paragraphs 1 through 53 of the Complaint as set forth above.

55. BWW denies the allegations of paragraph 55 of the Complaint

56. BWW denies the allegations of paragraph 56 of the Complaint

57. BWW incorporates by reference each of its responses to Paragraphs 1 through 56 of the Complaint as set forth above.

58. BWW denies the allegations of paragraph 58 of the Complaint

59. BWW denies the allegations of paragraph 59 of the Complaint

60. BWW incorporates by reference each of its responses to Paragraphs 1 through 59 of the Complaint as set forth above.

61. BWW denies the allegations of paragraph 61 of the Complaint

62. BWW denies the allegations of paragraph 62 of the Complaint

63. BWW denies the allegations of paragraph 63 of the Complaint

64. BWW denies the allegations of paragraph 64 of the Complaint

65. BWW denies the allegations of paragraph 65 of the Complaint

BWW further denies and demands strict proof of any allegations in the Complaint not expressly addressed in its Answer. BWW also denies and affirmatively states that Plaintiff lacks any actual damages arising from any of the matters alleged in the Complaint as prayed for in the prayer for relief.

## II.
## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. BWW was not engaging in debt collection activity and was not debt collectors with regard to many of the actions alleged in the Complaint.

3. Much of the activity of BWW falls within an exception to the Fair Debt Collection Practices Act ("FDCPA") definition of debt collection, falling outside the application of that Act. Particularly, at times, BWW acted as a bona fide fiduciary in enforcement of a secured interest in real estate.

4. Any violation of the FDCPA by BWW, which is expressly denied, was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

5. Plaintiff failed to mitigate any damages which he may have suffered.

6. At all relevant times, BWW acted in good faith reliance on the information provided by the servicer and creditor of the mortgage at issue.

7. BWW engaged in no conduct that harassed, oppressed and/or abused Plaintiff in foreclosing on the subject property.

8. BWW's notices to Plaintiff complied with the deed of trust and were sent with all

10

necessary authority.

9. BWW made no misrepresentation or deceptive or misleading statement during the course of its communication with Plaintiff and/or his agents.

10. The misrepresentations alleged by Plaintiff in the Complaint are not material and, therefore, cannot support a claim under the FDCPA.

11. Plaintiff has suffered no actual damages.

## III.
## RESERVATION

Defendants, by counsel, reserve the right to amend their Answer and Affirmative Defenses to add additional grounds as they may deem appropriate and/or as they may later become advised.

**Respectfully submitted,**

**BWW LAW GROUP, LLC,
formerly known as
BIERMAN, GEESING, WARD & WOOD, LLC**

**By Counsel**

_/s/_ Andrew Biondi
Andrew Biondi, Esquire (VSB No. 48100)
Eric C. Howlett, Esquire (VSB No. 82237)
SANDS ANDERSON PC
1111 East Main Street, Suite 2400 (23219)
Post Office Box 1998
Richmond, Virginia 23218-1998
Telephone: (804) 648-1636
Facsimile: (804) 783-7291
E-mail: abiondi@sandsanderson.com
_Counsel for Defendants_

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I further certify that on this date a true and correct copy of the foregoing and the NEF will be mailed, first-class, postage fully prepaid, to:

Dale W. Pittman, Esq.
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb Street
Petersburg, Virginia 23803
Telephone: 804-861-6000
Facsimile: 804-861-3368
dale@pittmanlawoffice.com

Leonard Anthony Bennett, Esq.
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
Telephone: 757-930-3660
Facsimile: 757-930-3662
lenbennett@cox.net

John C. Petersen, Esq.
Surovell Isaacs Petersen & Levy PLC
4010 University Drive, Suite 200
Fairfax, Virginia 22030
Telephone: 703-251-5400
Facsimile: 703-591-9285
jpetersen@smillaw.com

Matthew J. Erausquin, Esq.
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
Telephone: 703-273-6080
Facsimile: 888-892-3512
matt@clalegal.com

Kristi Cahoon Kelly, Esq.
Surovell Isaacs Peterson & Levy PLC
4010 University Drive, Suite 200
Fairfax, Virginia 22030
Telephone: 703-277-9774
Facsimile: 703-591-2149
kkelly@smillaw.com

/s/ Andrew Biondi
Andrew Biondi, Esquire (VSB No. 48100)
SANDS ANDERSON PC
1111 East Main Street, Suite 2400 (23219)
Post Office Box 1998
Richmond, Virginia 23218-1998
Telephone: (804) 648-1636
Facsimile: (804) 783-7291
E-mail: abiondi@sandsanderson.com
*Counsel for Defendant*

12